# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

WILLIAM J. R. EMBREY, )

    Pro se Plaintiff, )

    Vs. )

DIRECTOR OF BUREAU OF PRISONS, )
TRIAL )
And )
ATTORNEY GENERAL FOR THE UNITED STATES, )
And )
THE UNITED STATES, )
And )
UNKNOWN PERSONS, )
)
**Sued in their Individual and in** )
**Their Official Capacities,** )
)
    Defendants. )

Case: 1:19-cv-00188 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 1/24/2019
Description: Pro Se Gen. Civ. (F-DECK)

COMPLAINT WITH DEMAND FOR

JURY ON EACH CLAIM HEREIN

RECEIVED
Mail Room

JAN 2 4 2019

Angela 't Caesar, Clerk of Court
U.S District Court District of Columbia

## COMPLAINT

COMES NOW, the plaintiff, William J.R. Embrey, a pro se 79-year-old Citizen

of the United States, and for his cause of action would state as follows:

## I. INTRODUCTION

This action arises under the Fourth, Fifth and Eighth Amendments to the

Constitution of the United States; under federal law, specifically, Bivens v. Six

Unknown named Agents of the Federal Government, 403 U.S. 388 (1971); 28,

U.S.C. Sections 1331, 1343, and 42 U.S.C. Section 1983, while the individual

1

Defendants were acting in the scope of their employment and under color of federal law, they failed and or refused to properly credit Plaintiff with 508 days of detention-jail time he served prior to his April 24, 2000 federal sentencing, which Plaintiff was Constitutionally and statutory entitled. Such failure and or refusal resulted in Plaintiff being unlawfully held in prison for approximately 508 days longer than his maximum sentence less his entitled jail time in violation of the Constitution and laws of the United States. Plaintiff seeks compensatory and punitive damages, with all costs and reasonable attorney fees.

This action is also brought against Defendants Director of the Bureau of Prisons, the Attorney General for the United States and the United States for their failure to properly train and supervise the unknown Defendants in the proper techniques used to properly credit prior detention-jail time, and in ensuring the timely release of Plaintiff on June 24, 2017 in accordance with but not limited to 18, U.S.C. Section 3624(a) and 18, U.S.C. Section 4001(a), and the protections of the Constitution of the United States.

## II JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to <u>Bivens v. Six Unknown named Agents of the Federal Government,</u> 403 U.S. 388 (1971); 28, U.S.C. Sections 1331, 1332, 1343, 1367 and 42 U.S.C. Section 1983,

2

and 28, U.S.C. Section 1651(a).  And venue is properly set in the United States District Court of the District of Columbia pursuant to 28, U.S.C. Section 1391.

2. The cause of action alleged herein arise from factual allegations occurring in this judicially district.

3. On information and belief, it is alleged that each of the named and unnamed Defendants resides in the judicial district of this Court.

4. Plaintiff resides in Fargo, North Dakota .

5. The amount in controversy is in excess of one million dollars.

### III. PARTIES

**A.  Plaintiff.**

6. Plaintiff, William J.R. Embrey is a Citizen of the United States, and he is a Citizen and resident of Fargo, North Dakota.

**B.  Defendants.**

7. The Defendant, Director of the Bureau of Prisons (BOP) resides in Washington, D.C. and may be located at the Bureau of Prisons, 320  320 1st. Street N.W. Washington, D.C. 20534.

8. The Unknown  Defendants reside in Washington, D.C., and are employed by the BOP, located at 320  1st. Street, N.W., Washington, D.C. 20534.

3

9. The Defendant Attorney for the United States resides in Washington, D.C., and may be located at the Department of Justice in Washington, D.C.

10. Defendant United States (the Federal Government) is centered in the Department of Justice, in Washington, D.C. and will be represented by attorneys from the Department of Justice located in Washington, D.C.

11. The Unknown Defendants are employed by the BOP in Washington, D.C., and are believed to reside in Washington, D.C.

## IV. FACTS

12. On December 5, 1998, Plaintiff, William J.R. Embrey was arrested and placed in the county jail by Federal agents for possession of a firearm. See Case No. 98-03095-01-CR-S-3, District Court, for the Western District of Missouri.

13. From December 5, 1998 through April 24, 2000 (some 508 days), the U.S. Marshals held Plaintiff confined-in jail, for prosecution and sentencing in case No. 98-03095-01-CR-S-3.

14. On April 24, 2000, the United States District Court sentenced Plaintiff to 262 months imprisonment in Case No. 98-03095-01-CR-S-3. And, on that date, the U.S. Marshals placed Plaintiff in federal prison to commence service of that sentence.

4

15. On or about June 23, 2014, officers of the BOP whose duties included properly crediting prisoners, including Plaintiff, with detention-jail time served prior to sentencing, granted and credited Plaintiff with 678 days prior detention-jail time.

16. Plaintiff's proper 18, U.S.C. Section 3624(a) statutory release date from the BOP with his good time and his 508 days of jail time, was June 24, 2017.

17. On several occasions prior to June 24, 2017, and after that date, Plaintiff properly notified and informed **all Defendants**, including many other BOP officers, that Petitioner's correct statutory and mandatory release date is (was) June 24, 2017. Further, after June 24, 2017, Plaintiff sufficiently notified **all Defendants, and several other BOP officers that he was being illegally detained by the BOP.** That Plaintiff's correct release date was June 24, 2017. All of Plaintiff's pleas were ignored by these BOP officers.

18. At no time during the above mentioned period, no due process ever occurred in which Plaintiff's 508 days of prior detention-jail time, was properly taken from him.

19. Each of the Defendants, known and unknown, individually, and in concert with the others, acted under color of federal law in his/her (their) individual and official capacity, to deprive Plaintiff of his rights to be released

5

from prison on his correct release date of June 24, 2017, and to deprived him of due process of law, and of his freedom from unlawful imprisonment for 508 days. All of these rights are secured to Plaintiff by the Fourth, Fifth and Eighth Amendments to the Constitution of the United States, and by 18, U.S.C. Sections 3624(a), and 4001(a), and 28, U.S.C. Sections 1331, 1343 and 42 U.S.C. Section 1983.

20. The Defendants, Director of BOP, and Attorney General for the United States, and the United States, failed to adequately train and supervise the Defendants known and unknown to Plaintiff, whose duties included correctly computing Plaintiff's correct June 24, 2017 release date, and ensuring that he was released on that date.

21. as a direct and proximate result of the intentional and/or failures and and/or negligent acts of the Defendants known and unknown, Plaintiff sustained the suffering and injury of 508 days of unlawful imprisonment, with injury in the amount of $2000.00 a day, and/or the amount that will be established at trial.

22. Plaintiff is entitled to compensation for the Constitutional harms that Defendants inflicted upon him.

## V. CAUSES OF ACTION

### COUNT 1

6

## VIOLATIONS OF CONSTITUTIONAL RIGHTS

23. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of his Complaint.

24. In committing the acts complained of herein, or failing to act, Defendants acted under color of federal law to deprive Plaintiff of certain Constitutionally protected rights under the Fourth, Fifth and Eighth Amendments to the Constitution of the United States including but not limited to: (a) the right to be free from unlawful imprisonment; (b) the right not to be deprived of his liberty without due process of law; (c) the right to be free from excessive confinement by persons acting under color of federal law; (d) the right to the enjoyments of being a free man; (e) The right to just compensation for the violations of Plaintiff's Constitutional rights, and for the unlawful taking of his freedom for 508 days.

25. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of federal law while negligently failing in their required duties to ensure that Plaintiff was released on June 24, 2017 in accordance with the Constitution and laws of the United States. The negligent and/or unlawful acts by the Defendants set into motion a chain of events that led to Plaintiff being unlawfully imprisoned for 508 days not allowed

7

by law, in violation of Plaintiff's rights under the Fourth, Fifth and Eighth Amendments to the Constitution of the United States , and under 18, U.S.C. Sections 3624(a) and 4001(a).

26. As a direct and proximate result of the violations of Plaintiff's Constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in his Complaint and he is entitled to relief under the Constitution and laws of the United States.

27. The conduct of the Defendants was willful, malicious, oppressive and/or negligence per se, and reckless, and was of such nature that punitive damages should be imposed in an amount commensurate with the wrongful and negligence acts alleged herein, with two million dollars.

## COUNT II

## VIOLATIONS OF CONSTITUTIONAL RIGHTS AND LAW OF THE UNITED STATES

**(Failure to Implement appropriate policies, customs, and practices, and failure to obey the law of the Constitution and laws of the United States).**

28. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

29. The failure of the Defendants Director of the BOP, and the Attorney General of the United States to adequately train and supervise the unknown

8

defendants whose duties were to ensure that Plaintiff was released from the BOP prison on June 24, 2017, amounts to deliberate indifference to the rights of Plaintiff to be free from unlawful incarceration under the Fourth, Fifth and Eighth Amendments to the Constitution and laws of the United States.

30.  As a result of above-mentioned negligence, and failure to act, and the deliberate indifference to Plaintiff's secured rights, he suffered personal injuries of 508 days of unlawful imprisonment and the loss of 508 days of companionship with his family and friends as a free man. Plaintiff is entitled to relief under the Constitution and laws of the United States.

31.  In committing the acts complained of herein, Defendants acted under color of federal law to deprive Plaintiff as alleged herein of certain Constitutionally protected rights, including, but not limited to:  (a) the right to be free from 508 days of unlawful incarceration;  (b) the right not to be deprived of his liberty without due process of law;  (c) the right not to be deprived of his freedom and companionship of friends and family as a free man without due process of law by persons acting under color of federal law; and (d) the right to just compensation for taking Plaintiff's freedom for 508 days.

## COUNT III

## (508 DAYS OF UNLAWFUL IMPRISONMENT

32. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21.

33. In committing and/or in directly causing the acts complained of herein, the Defendants acted under color of federal law and unlawfully detained Plaintiff in prison with no basis in fact or law do so. All in violations of Plaintiff's rights to be free from unlawful imprisonment, the Defendants violated Plaintiff's secured rights guaranteed him by the Fourth, Fifth and Eighth Amendments to the Constitution of the United States, and the laws of the United States.

34. As a direct or indirect cause, and a direct and proximate result of the violations of Plaintiff's Constitutional rights to be free from 508 days of illegal confinement by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and he is entitled to relief under the Constitution and laws of the United States.

### PRAYERS FOR RELIEF

**WHEREFORE,** the above premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiff against the Defendants, on all causes of action asserted herein.

10

3. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his 508 days of suffering unlawful incarceration; and the loss of enjoyment of life as a free person.

4. That Plaintiff be awarded punitive damages in the amount of two million dollars against the Defendants.

5. That Plaintiff be awarded damages in the amount of $2000.00 a day for each day of his 508 days of suffering unlawful imprisonment.

6. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees.

7. That Plaintiff receive any other further and general relief to which it may appear he is entitled.

8. A jury for the trial of this matter.

Pursuant to 28, U.S.C. 1746, I declare that the above information is true and correct.
Dated: January 17, 2019

,Respectfully submitted,

*William J.R. Embrey*
William J.R. Embrey
**Pro se Plaintiff**
501 7th St. So. Apt. 504
Fargo, N.D. 58103

# CERTIFICATE OF SERVICE BY MAIL

I, William J. R. Embrey, hereby certify that I am the plaintiff herein and

served a copy of the following document(s):

Complaint with demand for jury on each claim herein, (Specify document(s)

on     Director of Bureau of Prisons,   (Name of person/Addressee) at:

(Address to which document(s)

Federal Bureau of Prisons, 320 1st Street, N.W. Washington D.C. 20534 were sent)

by mailing and depositing a true and correct copy of said document(s) in a mailbox located

at: 501 7th Street South, Apt. 504, Fargo, North Dakota 58103, on the following

date: December 20, 2018

I certify that the foregoing is true and correct.

DATED: ~~December 20, 2018~~ *January 17, 2019*

*William B.R. Embrey*
Signature of Plaintiff
William J.R. Embrey
Pro se Plaintiff
501 7th Street South
Apt. 504
Fargo, North Dakota
58103