FILED
FEB 26 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William J.R. Embrey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-188 (UNA) |
| ) | |
| Director of Bureau of Prisons *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

1

Plaintiff is a former prisoner residing in Fargo, North Dakota. He sues the Director of the Bureau of Prisons (BOP), the Attorney General of the United States, the United States, and Unknown Persons employed by BOP. Case Caption; Compl. ¶ 11. Plaintiff alleges that the defendants "failed or refused to properly credit [him] with 508 days of detention-jail time . . . served prior to his April 24, 2000 federal sentencing." Compl. at 2. He alleges that the BOP Director and the Attorney General "failed to adequately train and supervise" the unknown employees, *id.* ¶ 20, and their negligence "set into motion a chain of events that led" to his unlawful imprisonment, *id.* ¶ 25. As a result, plaintiff was "unlawfully" imprisoned beyond "his maximum sentence," in violation of the Constitution and federal laws. Compl. at 2. Plaintiff seeks "punitive damages in the amount of two million dollars" and "$2000.00 a day for each day of his 508 days of suffering unlawful imprisonment." *Id.* ¶¶ 4-5.

Plaintiff's complaint against BOP and the Attorney General is essentially against the United States. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The United States has not consented to be sued for constitutional violations. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994).[1] To the extent the complaint presents a negligence claim, moreover,

---

[1] Plaintiff invokes *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as the basis of subject matter jurisdiction. Compl. at 2. *Bivens* authorizes a private cause of action against federal officials for violating certain constitutional rights. In a *Bivens* lawsuit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), which typically is not sustainable against the high-level officials plaintiff has named. Regardless, any such claim is "not cognizable" absent a showing that the challenged detention has been invalidated by way of a writ of habeas corpus or some other "prior [approved] proceeding." *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The complaint's allegations offer no basis for finding that plaintiff can satisfy the requirements of *Heck*.

2

jurisdiction is lacking because there is no indication that plaintiff has exhausted his administrative remedies under the FTCA by presenting a claim "to the appropriate Federal agency" and obtaining a final written denial or allowing six months to pass without a final disposition. 28 U.S.C. § 2675(a). In this circuit, the FTCA's presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007); *see Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: February 26, 2019

United States District Judge